WILSON MCLELLAN *vs.* CHARLES WHEELER.

Washington.    Opinion October 29, 1879.

*Statute 1874, c. 212.    Exceptions.*

While statute 1874, c. 212, relieves the judge presiding at *nisi prius* from all responsibility for correct results in the cases tried before him so far as such cases depend upon the finding of the jury as to the issues of fact arising therein, and requires him only to give, orally or in writing, correct instructions as to the matter of law involved, and forbids the expression of an opinion upon the issues of fact, making such expression sufficient cause for a new trial if the party unfavorably affected thereby desires it; yet it does not go so far as to prohibit the presiding judge from stating to the jury the questions which they are called upon to determine.

The statement by the judge of the matters proved, and not controverted, (or expressly admitted) is not an expression of opinion upon an issue of fact, however strong the inference therefrom may be; neither is the utterance of a mere truism, or of a matter of common experience which nobody would think of disputing, however it might bear upon the issue, an infringement of the statute prohibition.

It does not follow that the judge has expressed an opinion upon the issue because his opinion may be inferred from some allusion which he may make

to some obvious and indisputable fact; nor because an inference favorable or unfavorable to the position taken by one of the parties may be drawn from such obvious truth or fact.

ON EXCEPTIONS, and motion to set aside the verdict.

ASSUMPSIT for price of a mowing machine, which the plaintiff alleges he sold and delivered to the defendant July 20, 1871. Writ dated July 25, 1876. Plea, the general issue.

The defendant denied the sale and purchase of the machine, claiming that he hired or borrowed it. The defendant kept the machine in his possession from July 20, 1871, to July 25, 1876, when he returned it on the same day the writ was served upon him. Both plaintiff and defendant testified to conversations and circumstances at, and subsequent to, the taking of the machine, but with unequal and disagreeing memories. The defendant's wife and daughter were likewise witnesses, but the view taken by the court renders a report of the evidence unnecessary.

The presiding judge in his charge to the jury remarked that "the defendant says he borrowed it, and that he kept it between five and six years,—which is a long time to borrow things in ordinary communities."

The verdict was for the plaintiff, and the defendant alleged exceptions to the above portion of the charge as being in derogation of statute 1874, c. 212, and also filed a motion to set aside the verdict as against law, evidence and the weight of evidence.

*J. H. French*, for the plaintiff.

*J. F. Lynch* and *E. B. Harvey*, for the defendant.

BARROWS, J.   While chapter 212 of the laws of 1874 relieves the judge presiding at *nisi prius* from all responsibility for correct results in the cases tried before him, so far as such cases depend upon the finding of the jury as to the issues of fact arising therein, and requires him only to give, orally or in writing, correct instructions as to the matters of law involved, and forbids the expression of an opinion upon the issues of fact, making such expression sufficient cause for a new trial if the party unfavorably affected thereby desires it, it does not go so far as to prohibit the presiding judge from stating to the jury the questions which they are called upon

to determine. Such statement when clearly and directly presented may often be of service by enabling the jury to apply intelligently the legal rules given them, a bald and abstract enunciation of which however accurate, might tend rather to confuse and lead them to disagree.

If a judge is of such a happy temperament as to be indifferent whether the cases tried before him are decided rightly or wrongly, or not at all, the statute will justify him in omitting such statement. But it does not prohibit it. It simply requires him in making it to refrain from expressing an opinion upon any issue of fact arising in the case. Exceptions like these indicate a misapprehension as to the nature and scope of the provision though its purport would seem to be sufficiently obvious. Matters of fact which are not in dispute between the parties but which appear in the case may be stated to the jury as proved or admitted. Inferences from such matters may be potent in disposing of the controverted questions: yet the statement by the judge of the matters proved and not controverted, (or expressly admitted) is not an expression of opinion upon an issue of fact, however strong the inference therefrom may be. Neither is the utterance of a mere truism, or of a matter of common experience which nobody would think of disputing, however it might bear upon the issue, an infringement of the statute prohibition.

It does not follow that the judge has *expressed* an opinion upon the issue because his opinion may be inferred from some allusion which he may make to some obvious and indisputable fact; nor because an inference favorable or unfavorable to the position taken by one of the parties may be drawn from such obvious truth or fact.

Such an inference as to the opinion of the presiding judge is all that can be imputed to the remark here excepted to. It was plainly not such an expression of his opinion upon the issue of fact as comes within the provision of the statute. An examination of all the testimony does not satisfy us that the jury erred in their conclusion.

*Motion and exceptions overruled.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.