## STATE OF MAINE *vs.* WILLIE O. MATHEWS.

### Waldo. Opinion May 31, 1916.

*Exceptions. Indictments. Intent of parties in criminal actions. Province of presiding Justice in charging jury.*

1. It is the authoritative expression of an opinion by the presiding Justice as to an issue of fact arising in the case which is prohibited by R. S., ch. 84, sec. 97, and not the suggestion of an obvious inference from admitted facts and circumstances, made to assist the jury in coming to a clear understanding of the law and the evidence.,

2. A careful examination of the portions of the charge excepted to, as well as the whole charge, fails to disclose any expression of opinion on an issue of fact arising in the case in violation of the statute.

3. An examination of the whole charge clearly shows that the provisions of the statute making the sale of cider unlawful only "when kept or deposited with intent to sell the same for tippling purposes, or as a beverage," were fully explained to the jury.

The respondent was indicted, tried and found guilty of the offense of selling three gallons of cider in violation of the statutes of Maine. The presiding Justice charged the jury in part as follows:

"The government claims here that this man had this cider on hand and sold it to this man with the intent to sell the same as a beverage, that is, to be drank. Not for mince pies, not for pickles, but to be drank; and the government says that on this day this respondent did sell three gallons to this witness who has taken the stand (Mr. Marshall) a three gallon jugful. The question for you to answer upon the evidence is, was the sale made? It is not denied that he got three gallons of something; but the respondent says he did not sell cider but he sold vinegar. Marshall came there and asked him if he had any old cider, and he said, 'No, but he had some vinegar, and Marshall bought three gallons of vinegar and took it off in a jug with him.'"

The presiding Justice further charged the jury as follows:

"Do you think that Marshall would go there to buy vinegar— three gallons of vinegar—and take it away and pay for it and, as

he says, mix it with sugar and soda and drink it, or was it old cider which this respondent may have called vinegar, perhaps with a twinkle in his eye? Was it vinegar or was it cider? You have the testimony as to what was in the cellar there—certain barrels of vinegar and certain barrels of cider—some ten or twelve of what the sheriff called cider. What do you say as to that? Can the ordinary man taste and tell whether when he tastes of the certain contents of a barrel that it is cider or vinegar, or can't he? Can you, or cannot you? Haven't you the slightest idea after you taste of anything like that whether it is cider or whether it is vinegar?"

The presiding Justice further charged the jury:

"Now, then, you have got the whole matter summed up, all thought out, and reasoned over. What do you say? Was that vinegar which Mr. Marshall bought and paid for and carried off, fixed up and drank, or was it old cider? And was it sold by this respondent, with the man going to him with a jug,— and kept by him as the statute says here with the intent to sell the same as a beverage? Did he have reason to think that Mr. Marshall would take that and go off and drink it? If so, he had no right to sell it."

To which respondent's counsel filed exceptions, alleging that the charge of the Justice presiding, and especially the certain parts above set forth, were in violation of chapter 84, section 97, of the Revised Statutes of the State of Maine, which section reads as follows:

"During a jury trial the presiding Justice shall rule and charge the jury, orally or in writing, upon all matters of law, arising in the case, but shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such expression of opinion is sufficient cause for a new trial, if either party aggrieved thereby and interested desires it; and the same shall be ordered accordingly by the Law Court upon exceptions.

Exceptions overruled.

Case stated in opinion.

*Walter A. Cowan,* County Attorney, for the State.

*Arthur Ritchie,* for respondent.

SITTING: SAVAGE, C. J., KING, HALEY, HANSON, PHILBROOK, JJ.

KING, J. This case comes up on exceptions. The respondent was found guilty by the jury under an indictment charging him with selling to one Joshua A. Marshall three gallons of cider in violation of the statute.

The sale was not denied, but the respondent contended that what he sold Marshall was vinegar and not old cider. That was the chief issue. The evidence is not printed, but from the charge of the presiding Justice it appears that there was testimony in behalf of the respondent that Marshall came to him and asked if he had any old cider and he replied "No, but he had some vinegar," and Marshall thereupon bought three gallons of the liquor and took it away with him and drank it as a beverage.

1. The respondent complains that the presiding Justice in his charge to the jury expressed an opinion upon an issue of fact arising in the case, in violation of R. S., c. 84, sec. 97, and he recites in his bill of exceptions, printed with the statement of the case, two extracts from the charge upon which his complaint in this regard is based. This court in numerous decisions has had occasion to consider the provisions of statute here invoked, and it has pointed out with clearness the limits of the right and duty of the judge presiding to state to the jury the questions they are called upon to determine, to direct their attention to the contentions of the parties, and to analyze, compare and explain the evidence. In *McLellan* v. *Wheeler*, 70 Maine, 285, the court said: "If a judge is of such a happy temperament as to be indifferent whether the cases tried before him are decided rightly or wrongly, or not at all, the statute will justify him in omitting such statement. But it does not prohibit it. It simply requires him in making it to refrain from expressing an opinion upon any issue of fact arising in the case." And in *York* v. *Railroad Co.*, 84 Maine, 117, 128, the court said: "A judge presiding in a court of justice occupies a far higher position and has vastly more important duties than those of an umpire. . . . He is sworn to 'administer right and justice.' He should make the jury understand the pleadings, positions and contentions of the litigants. He may state, analyze, compare and explain evidence. He may aid the jury by suggesting presumptions and explanations, by pointing out possible reconciliations of seeming

contradictions, and possible solutions of seeming difficulties.  He should do all such things as in his judgment will enable the jury to acquire a clear understanding of the law and evidence, and form a correct judgment."   See also *Hamlin* v. *Treat,* 87 Maine, 310; *Jameson* v. *Weld,* 93 Maine, 345; *State* v. *Means,* 95 Maine, 364; *State* v. *Lambert,* 104 Maine, 394.

The first excerpt from the charge, recited in the exceptions, is a clear and correct statement by the court to the jury of the respective contentions of the parties as to the issue involved in the case, the contention of the government being, that the respondent kept the cider with intent to sell it to be used as a beverage and not for other purposes for which cider might be used, and that it was sold to Marshall to be used as a beverage, all of which, if proved, would constitute the offense charged; and the contention of the respondent being, that he did not sell cider to Marshall but sold him vinegar. Plainly that statement does not disclose the expression of an opinion on any issue of fact arising in the case.

Having directed the attention of the jury to the testimony of Marshall, that when he asked for old cider he was told by the respondent that he had no cider but had some vinegar, which Marshall thereupon bought and used as a beverage, the presiding Justice then instructed the jury that no offense was committed if it was vinegar that was sold, and admonished them to use their common sense in deciding the question whether the respondent did in fact sell Marshall cider or vinegar; and it was at that point in the instructions that the expressions recited in the second excerpt from the charge were used.  The respondent particularly complains of the interrogatory expression used by the court,—"or was it old cider which the respondent may have called vinegar, perhaps with a twinkle in his eye."  But we think that expression was nothing more than a suggestion to the jury, for their consideration, of the possibility that even if the respondent, in answer to Marshall's inquiry for old cider, called what he sold him vinegar, nevertheless he did not mean it, and so indicated to Marshall.  And was not that suggestion the obvious inference to be drawn from the uncontroverted testimony respecting the sale, considered in the light of the circumstances disclosed?  We think it was.  There can be no

reasonable doubt that the respondent understood from Marshall's inquiry for old cider, with no other explanation of its intended use, that he wanted it to use as a beverage. If he answered that inquiry, "No," why should he add that he had some "vinegar?" And why should Marshall who was after old cider for a beverage buy three gallons of the respondent's liquor and use it as a beverage if the respondent had really informed him that it was vinegar? Marshall testified that the respondent made that answer to his inquiry. There was no direct testimony to the contrary. But does not the fact that Marshall was after old cider for a beverage, and that he bought of the respondent three gallons of something, which he used as a beverage, at once suggest to the ordinary mind, what the court suggested to the jury as a possibility, that if the respondent's answer to Marshall's inquiry was that he had no old cider but had some vinegar, the answer was an intended evasion and so understood by both parties? It is the authoritative expression of an opinion as to an issue of fact arising in the case which the statute prohibits, and not the suggestion of an obvious inference from admitted facts and circumstances made to assist the jury in coming to a clear understanding of the law and the evidence. A careful examination of the portion of the charge excepted to, as well as the whole charge, fails to disclose, we think, any expression of opinion on an issue of fact arising in the case in violation of the statute.

2. We think there is no merit in the exception with reference to the instructions as to the necessity of the government proving that the respondent kept the cider "with intent to sell the same for tippling purposes, or as a beverage." An examination of the whole charge clearly shows that ample instructions were given on this point. The jury could not have failed to understand from the explicit instruction given that in order to secure a conviction the government must prove not only a sale of cider, but also that the cider was kept by the respondent with intent to sell the same for tippling purposes, or as a beverage. In the very last sentence of the charge the court said, "I have told you on the last point—the intent of the parties, that you must find, under the statutes that this cider was kept with the design to be sold as a beverage." And

he had previously quoted the statute which defines what are intoxicating liquors, and clearly explained to them that the sale of cider is prohibited only when kept and deposited with intent to sell the same for tippling purposes or as a beverage.

*Exceptions overruled.*