STATE OF MAINE

*vs.*

MILDRED A. JONES AND DANA E. HOWLAND.

Franklin.        Opinion, October 30, 1940.

*Hubert Ryan,* County Attorney for the State.
*Currier C. Holman,* for defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MANSER, J. Upon completion of the evidence in the trial of the respondents upon an indictment charging them with lewd and lascivious cohabitation, and the charge of the presiding justice, the following exceptions were taken:

"The respondents object to the whole charge as it is an argument for the State instead of a statement of the law.

"That the charge was prejudicial to the rights of the respondents."

Exceptions such as these have been characterized as serving only as a dragnet with the apparent hope that something might be brought to light and made use of as a valid cause of complaint. *State v. Reed,* 62 Me., 129. Exceptions to "all matters stated in the charge" are criticised in *State* v. *Pike,* 65 Me., 111. In *Macintosh* v. *Bartlett,* 67 Me., 130, the court said:

"Sufficient warning has been given that this court is not disposed to entertain exceptions thus taken."

In *Harriman* v. *Sanger,* 67 Me., 442 at 445, the court gave notice that,

"This mode of practice, long ago condemned by several of the most respectable courts of the land, and properly characterized by this court in *State* v. *Reed*, 62 Me., 129, 135, will be tolerated no longer."

To the same effect, see *Bacheller* v. *Pinkham*, 68 Me., 253 ; *Crosby* v. *Railroad Co.*, 69 Me., 418 ; *McKown* v. *Powers*, 86 Me., 291 at 296, 29 A., 1079.

In *Hamlin* v. *Treat*, 87 Me., 310 at 315, 32 A., 909 at 910, in which the defendant presented a general bill of exceptions embracing more than one-half of the entire charge and claiming an expression of opinion by the presiding justice upon issues of fact, the court said:

"It is unnecessary to say that this method of spreading out a whole charge, or even to the extent as disclosed in this case, is not countenanced ·by the court, and were we to consider the exceptions in reference to this mode of practice they would fall within that class of cases which characterize such a bill of exceptions as irregular."

The respondents are not of right entitled to be heard. The exceptions are insufficient. They are within the category concerning which there has been emphatic pronouncement by the court heretofore. A well-marked course has been laid down to follow by statute (R. S., Chap. 91, Sec. 24), Rule of Court XVIII and decisions.

The court, however, is conscious that, notwithstanding the failure to present a proper bill of exceptions, yet the Constitution of Maine, Article I, Sec. 6, guarantees to the accused in all criminal prosecutions, the right to an impartial trial. The legislature has provided, R. S., Chap. 96, Sec. 104, that the expression of opinion upon questions of fact by the presiding justice is sufficient cause for a new trial upon exceptions. This is undoubtedly an additional safeguard to assure, beyond peradventure, the constitutional guaranty.

Without intending to indicate the course which the court may see fit to follow in the future in cases not properly presented, but in order that the respondents may be fully protected in their rights, the court is constrained to proceed in the present case to a consideration of the objections which the respondents have faultily attempted to raise. It would appear that the real intention was to assert a vio-

lation on the part of the presiding justice of the provisions of the statute cited *supra,* through some expression of opinion as to issues of fact in his charge.

This statute reads as follows:

> "During a jury trial the presiding justice shall rule and charge the jury, orally or in writing, upon all matters of law arising in the case, but shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such expression of opinion is sufficient cause for a new trial, if either party aggrieved thereby and interested desires it; and the same shall be ordered accordingly by the law court upon exceptions."

It has been a part of our law since 1874. It has received judicial construction in many cases since.

Without attempting novelty of expression, but summarizing judicial declaration as to fundamental concepts concerning the function, responsibility and duty of a judge presiding over a jury trial, we reiterate and emphasize that:

> "When the Legislature, in defining the respective functions of the court and of the jury in the trial of a case, laid down the inhibition that the Judge must not express opinion on arising issues of fact, it went no further in its meaning than that he should refrain from speaking of the facts in manner implying his utterance entitled to obedience. He must separate the questions of law from the questions of fact, and thus disunited send the questions of fact to the province of the jury, free from authoritative verbal invasion by himself. But it never was intended that a Judge should sit listlessly by, fulfilling duty as though he were administering the rules in a contest for superiority by chance and skill, utterly powerless to aid in the ascertainment of truth as the underlying essential to a proper verdict. Far from it. The Legislature meant that, in the employment of the experience of his career, he should make the positions and contentions of the litigants clear, by stating, analyzing, comparing and explaining the evidence, by stripping it of extraneous considerations, pointing out any seeming contradictions, resolving it into its simplest elements, supple-

menting all by definition of the law's governing power, that the jury with discerning appreciation might come to a correct result, and the gladsome light of jurisprudence shine on undimmed." *Benner* v. *Benner,* 120 Me., 468, 115 A., 202.

"A judge presiding in a court of justice occupies a far higher position and has vastly more important duties than those of an umpire. He is not merely to see that a trial is conducted according to certain rules, and leave each contestant free to win what advantage he can from the slips and oversights of his opponent. He is sworn to 'administer right and justice.' He should make the jury understand the pleadings, positions and contentions of the litigants. He may state, analyze, compare and explain evidence. He may aid the jury by suggesting presumptions and explanations, by pointing out possible reconciliations of seeming contradictions, and possible solutions of seeming difficulties. He should do all such things as in his judgment will enable the jury to acquire a clear understanding of the law and the evidence, and form a correct judgment. He is to see that no injustice is done." *York* v. *Railroad Co.,* 84 Me., 117 at 128, 24 A., 790, 793.

"The presiding justice, in addition to his duty of instructing the jury upon the law, should aid them by re-calling and collating the details of testimony and resolving complicated evidence into its simplest elements.

"He can properly instruct the jury to apply to the testimony of witnesses the tests of consistency and probability and aid them in arriving at the truth, — the fact in issue, — by stating both affirmatively and interrogatively the various propositions and incidental questions to be considered and determined by them." *State* v. *Means,* 95 Me., 364, 50 A., 30.

"It does not follow that the judge has *expressed* an opinion upon the issue because his opinion may be inferred from some allusion which he may make to some obvious and indisputable fact ; nor because an inference favorable or unfavorable to the position taken by one of the parties may be drawn from such obvious truth or fact." *McLellan* v. *Wheeler,* 70 Me., 285.

"Nor does it follow that there is an expression of opinion upon any issue of fact merely because the presiding justice may see fit to call the jury's attention to certain questions of fact by way of interrogatories addressed to them upon matters important for their consideration in arriving at a correct conclusion upon the main question. A statute like this, if it is to be held as not trenching upon the prerogative of the court, must be strictly construed." *State* v. *Day*, 79 Me., 120 at 125, 8 A., 544, 545.

The court has given further expression to the principles above stated in *Bradstreet* v. *Bradstreet*, 64 Me., 204; *State* v. *Benner*, 64 Me., 267 at 289, 291; *State* v. *Smith*, 65 Me., 257; *Grows* v. *Railroad Co.*, 69 Me., 412; *Murchie* v. *Gates*, 78 Me., 300 at 306, 4 A., 698; *State* v. *Richards*, 85 Me., 252, 27 A., 122; *Jameson* v. *Weld*, 93 Me., 345 at 357, 45 A., 299; *State* v. *Mathews*, 115 Me., 84, 97 A., 824; *Allard* v. *LaPlain*, 125 Me., 44, 130 A., 737.

The record of the testimony brought forward with the exceptions clearly points to the guilt of the parties. The charge stated the factual issues with clarity, giving both versions wherever there was conflict. No complaint is made of misstatement. Neither is there complaint that the rules of law applicable were not carefully given. The charge properly impressed upon the jury its duty and obligation in determining the issues of fact.

It is in accordance with our procedure that the jury shall have the benefit of an orderly and clear presentation from the presiding justice of the factual issues and that attention shall be called to reasonable inferences deducible from existent circumstances. It is the fault or the misfortune of the respondents themselves that the facts, when arrayed in logical order and relation, should be convincing of guilt.

It is the authoritative expression of the opinion of the presiding justice himself on issues of fact, which is the extent and limit of the statutory prohibition, and that has not been violated.

Entry will be

*Exceptions overruled.*
*Judgment for the State.*