### STATE of Maine
### v.
### Richard L. KESSLER.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1982.

Decided Jan. 4, 1983.

---

Henry N. Berry, III, Dist. Atty., Richard C. Anderson, Law Student Intern (orally), Portland, for plaintiff.

Daniel G. Lilley, E. Paul Eggert (orally), Portland, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

ROBERTS, Justice.

Richard Kessler appeals his conviction of trafficking in cocaine, 17–A M.R.S.A. § 1103 (1982). His only claims of error relate to the remarks of the presiding justice that the exhibited evidence was cocaine and that the quantity of the cocaine was sizeable. We affirm the judgment of conviction.

## I

The jury was warranted in finding the following facts. Richard Finn made arrangements to sell cocaine to a person named Craig Small who was in reality undercover Detective James Sweetman of the Biddeford Police Department. Between 7:30 and 8:00 p.m. on August 15, 1981, these two men met in room 149 in the Holiday Inn on Riverside Street in Portland to conduct the transaction. Shortly after Finn arrived, Kessler drove into the motel parking lot. Finn left the motel room to retrieve the cocaine from the defendant's car. Finn returned to the motel room and gave approximately a half of a pound of cocaine to Detective Sweetman. After performing a chemical test to determine the cocaine content, Detective Sweetman paid Finn $15,600.00 for the cocaine. Upon leaving the room, Finn was arrested. The defendant was apprehended in his car which was parked in the motel lot.

During Kessler's trial, after final argument and jury charge, the judge permitted the jurors to examine the physical evidence located on a table in the courtroom. The judge told them, "in particular the drug, cocaine, and the weapon I would ask you observe those here in the courtroom." Upon Kessler's post-trial motion, the judge entered an order supplementing the record as follows:

> To the best recollection of the court, the following statement was made to the jurors as they passed by the table on which the tangible evidence was exhibited.
>
>> You may pick up the exhibits, if you wish, and examine them carefully taking whatever time you need. It may be the only time that you will ever see such a sizeable amount of such a substance if it is found to be what it is purported to be.

At trial, defense counsel did not object to the judge's statements.

## II

Kessler challenges the trial justice's remarks to the jury in two respects. First, he complains that because he had not stipulated that the suspect substance was cocaine, it was error for the justice to so identify the substance. Secondly, Kessler argues that the judge prejudiced the jury against the defendant when he characterized the quantity as a sizeable amount. For the reasons set forth below, we review the first claim of error under the obvious error rubric of M.R. Crim.P. 52(b) and treat the second as preserved error by virtue of M.R.Crim.P. 51.

■ The trial transcript reveals that immediately after a sidebar conference with counsel at the conclusion of his charge, the presiding justice advised the jury to observe the cocaine introduced as an exhibit. In the absence of any claim to the contrary, defense counsel must be presumed to have heard and to have had an opportunity to object to the justice's improper remark. Because no objection was made at that

time, or indeed even when the verdict was received, the error was not preserved. Under M.R.Crim.P. 52(b), our further concern is limited to whether the error affected Kessler's substantial rights to a fair trial.

■ In the circumstances of this case, no such impact can be found. A chemist testified without either objection or cross-examination that his analysis of the substance revealed it to be cocaine. No evidence was offered to the contrary. At no time during final argument did defense counsel question that the substance had been proven to be cocaine. He focused instead upon the credibility and reliability of the alleged go-between, Finn.

Even though the nature of the substance was uncontroverted, the jury must be instructed on every element of the crime charged. The presiding justice was required to give an instruction that the state had the burden of proving that the substance was cocaine and he did so instruct the jury. He also instructed the jury that nothing he said was evidence and that he had no opinion on the evidence. The justice's further comment in reference to the substance as cocaine cannot be said to have risen to the level of obvious error which deprived Kessler of a fair trial. *See State v. Emery,* 357 A.2d 878, 881–82 (Me.1976).

■ Kessler argues, however, that 14 M.R.S.A. § 1105 (1980)[1] requires that he be granted a new trial without regard to M.R. Crim.P. 51–52. Specifically, he suggests that any expression of opinion upon issues of fact automatically becomes sufficient cause for and mandates a new trial. We disagree. At least since 1879 in civil cases, *McLellan v. Wheeler,* 70 Me. 285, 287 (1879),

and since 1887 in criminal cases, *State v. Day,* 79 Me. 120, 125, 8 A. 544 (1887), the statute in question has been interpreted to apply only to controverted facts.[2] *Accord State v. Hudon,* 142 Me. 337, 349, 52 A.2d 520, 526 (1947) (quoting *McLellan,* 70 Me. at 287); *State v. Jones,* 137 Me. 137, 141, 16 A.2d 103, 105 (1940) (quoting *McLellan,* 70 Me. at 287).

We think that the nature and purpose of our rules of criminal procedure as well as our interest in the fair administration of justice require that statutes such as section 1105 be read in the context of the procedural rules. Thus the application of M.R. Crim.P. 51–52 to the circumstances of this case is both appropriate and in accord with historical precedent. We recognize the constitutional restraints which apply in the trial of a criminal case, but no such restraints are implicated here.

### III

Because the characterization of the *quantity* of cocaine appears only in the order supplementing the record and not in the original transcript, we cannot presume that the remark was overheard by defense counsel.[3] For that reason we cannot say that defense counsel had an opportunity at that time to make known to the court his objection and the grounds therefor. M.R.Crim.P. 51. We treat Kessler's second claim of error as preserved for appellate review.

■ The *quantity* of cocaine was not in issue, nor was the state obliged to prove any particular quantity. Section 1105 prohibits expression of opinion only "upon issues of fact arising in the case." Because the quantity of cocaine was not such an issue, our concern is directed to what the

---

1. 14 M.R.S.A. § 1105 provides:

    During a jury trial the presiding justice shall rule and charge the jury, orally or in writing, upon all matters of law arising in the case but shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such an expression of opinion is sufficient cause for a new trial if either party aggrieved thereby and interested desires it, and the same shall be ordered accordingly by the law court on appeal in a civil or criminal case.

2. The statute was enacted in 1874. P.L.1874, ch. 212. The statute was amended once by P.L.1965, ch. 356 § 11 to conform to changes in the rules of appellate procedure.

3. Kessler's trial counsel filed an affidavit in support of his motion to supplement the record. That affidavit is ambiguous at best on the question whether counsel actually heard the supplemented remark.

defendant describes as the prejudicial nature of the remark which allegedly deprived the defendant of a fair trial. He suggests that the presiding justice, by implying that the quantity was a highly unusual amount, indicated his bias against the defendant. Again we disagree. The offhand remark, albeit ill-advised, did nothing to enhance the state's case or disparage the defense. No argument had been made by the prosecutor that the quantity involved in the sale had any probative effect. In addition, the judge did not give any such instruction to the jury. On this record, without any suggestion of improper intonation or emphasis on the part of the justice, we fail to see how the defendant was in any sense harmed by the remark. Under M.R.Crim.P. 52(a) we must disregard the error. *See State v. Mahaney,* 437 A.2d 613, 617 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.