**STATE of Maine**

v.

**Ivan EDWARDS.**

Supreme Judicial Court of Maine.

Argued March 14, 1983.
Decided April 12, 1983.

Janet T. Mills, Dist. Atty., Daniel W. Boutin (orally), Asst. Dist. Atty., Farmington, for plaintiff.

Boone & Cantara, James P. Boone (orally), Biddeford, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

This appeal requires us to consider the complementary, yet distinct, functions of judge and jury in the context of a criminal jury trial.

On July 14, 1982, the Defendant, Ivan Edwards, was convicted of one count of harassment, 17–A M.R.S.A. § 506–A,[1] following a jury trial in Superior Court (Franklin County). Challenging that conviction, the Defendant raises four points on appeal. We need consider only two of them.

During the course of his jury instructions at the close of trial, the presiding

---

1. This section provides:
   1. A person is guilty of harassment if, without reasonable cause, he engages in any course of conduct with the intent to harass, torment or threaten another person, after having been forbidden to do so by any sheriff, deputy sheriff, constable, police officer or notary public.
   2. Harassment is a Class E crime.
   17–A M.R.S.A. § 506–A (1983).

justice submitted to the jury a typewritten "chronology" he had prepared which summarized certain central events testified to by the State's witnesses.[2] At an earlier conference in chambers, counsel for the Defendant had objected to the court's intended use of such a writing. Even counsel for the State had expressed concern that the chronology "might lend an air of credibility on your part or it may convey to the jury you believe what is going on." Overruling these objections, the court provided the jury with a copy of this chronology for use during deliberations.

On appeal the Defendant contends that he is entitled to a new trial because the court's submission of the chronology constitutes an expression of judicial opinion on an issue of fact, in contravention of 14 M.R.S.A. § 1105. We agree.

This statute provides:

During a jury trial the presiding justice shall rule and charge the jury, orally or in writing, upon all matters of law arising in the case but shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such an expression of opinion is sufficient cause for a new trial if either party aggrieved thereby and interested desires it, and the same shall be ordered accordingly by the law court on appeal in a civil or criminal case.

2. The text of this writing is as follows:

Chronology of Events

Nov. 1, 1981 Mr. Smith testified that Mr. Edwards came within 40 feet of Mr. Smith and his father and spit in their direction for 15 minutes.

Nov. 7, 1981 Mrs. Smith took dogs for walks and met Mr. Edwards and his dogs. Mr. Edwards kicked at Mrs. Smith's dogs. Mrs. Smith testified that Mr. Edwards spit in her direction as she walked back to her home.

Nov. 8, 1981 Mr. Smith testified that Mr. Edwards stood in various positions around house, and spit at house from first position and raised middle finger from other position. On this day, according to Mrs. Smith, Mr. Edwards stood outside on the Smith property staring into house.

Dec. 17, 1981 Confrontation over dogs that led to Mr. Edwards calling Mr. Smith scum and warwhooping.

14 M.R.S.A. § 1105 (1980). Implementing both the trial by jury and impartial trial guarantees of our Declaration of Rights,[3] our statutory prohibition against judicial opinion on controverted facts traces back over a century. See State v. Kessler, 453 A.2d 1174, 1176 (Me.1983); State v. Bachelder, 403 A.2d 754, 758–59 (Me.1979).

In this case, the court's delivery of such a writing to the jury for use during their deliberations violated the mandate of section 1105. First, the chronology only detailed events the State was seeking to prove; no mention was made of occurrences significant to the Defendant's case.[4] Second, the chronology stated affirmatively that certain events had occurred and stated the actual content of the testimony of certain witnesses for the State. It is for the jury, and the jury alone, to determine the facts and to determine what witnesses said at trial. See State v. Crocker, 435 A.2d 58, 77 (Me.1981).

Last, because the chronology was written and because it was submitted to the jury for reference during their deliberations its potential for prejudice was materially enhanced. Although the presiding justice instructed the jury that the chronology was of no evidentiary weight, a printed word in the jury room clearly may overshadow prior oral instruction and perhaps dim the jury's

3. Article I, section 6, of the Maine Constitution provides, in part:

In all criminal prosecutions, the accused shall have a right ... [t]o have a speedy, public and impartial trial, except in trials by martial law or impeachment, by a jury of the vicinity.

4. During the conference in chambers mentioned above the court acknowledged that "I'm going from what the State's case says ...." As we recently stated in State v. Engstrom, "the trial court should not exert pressure on the jury by unduly emphasizing facts that tend to favor one side or the other ...." 453 A.2d 1170, 1173 (Me.1982). See also State v. Hudson, 325 A.2d 56, 66 (Me.1974). ("A Justice seeking to unravel evidentiary complexities for the jury's benefit should do so impartially by considering adequately both prosecution and defense aspects of the factual issue at hand.")

own recollection of the evidence it heard during trial. Furthermore, the benefit of cautionary oral instructions in this case was diluted when, additionally, the justice provided the jury with a written page of partial jury instructions. Confusion in the jury room over the respective functions of the two writings would appear to be inevitable.[5]

We, therefore, conclude that the presiding justice, in providing the jury with this chronology, unavoidably communicated an opinion on issues of fact. This was prejudicial error. The matters summarized in the chronology were disputed and they related directly to the crime with which the Defendant was charged. Consequently, we cannot conclude beyond a reasonable doubt that this error was harmless. *Cf. State v. Kessler,* 453 A.2d at 1177 (although ill-advised, judicial comment regarding quantity of cocaine did not enhance State's case or disparage the defense). Therefore, we must vacate the judgment.

■ A second issue raised on appeal is certain to arise upon a new trial. We, therefore, discuss it in the interest of judicial economy. *See State v. Ayers,* 433 A.2d 356, 363 (Me.1981).

The Defendant urges that the court erred in ruling at trial that the existence of a property dispute between the Defendant and his neighbors could not constitute "reasonable cause" under 17–A M.R.S.A. § 506–A for any actions by the Defendant. He also asserts that the court erred in restricting testimony regarding this dispute. Again, we agree.

■ The absence of "reasonable cause" is one of the elements of the crime of harassment under section 506–A. As an element of this crime, non-existence of reasonable cause must be proven beyond a reasonable doubt by the State. *State v. Davis,* 384 A.2d 45, 47 (Me.1978).

■ Several times during the course of the trial the presiding justice stated that the existence of a property dispute could never be reasonable cause for harassment. This placed the cart before the horse. There is no crime of harassment unless there is a lack of reasonable cause. Reasonable cause is a factual question, and it is a question for the jury. As we stated in *State v. Lebreton,* "[i]n a criminal prosecution ... issues involving proof of facts constituting the crime charged may *never* be taken from the jury *against* the interests of the accused." 364 A.2d 645, 649 (Me.1979) (emphasis in original).

■ In ruling that a property dispute could not constitute reasonable cause under section 506–A, the court (1) preempted a function of the jury, (2) expressed an opinion on an issue of fact in violation of 14 M.R.S.A. § 1105, and (3) effectively scuttled the theory of the defense. *See State v. Linnell,* 408 A.2d 693, 695 (Me.1979). This, too, was prejudicial error.[6]

The entry is:

Appeal sustained.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

5. Significantly, the partial written instructions made no mention of the chronology. Although the Defendant also challenges the court's use of partial written instructions, we do not reach this issue. We should note, however, the inherent difficulty the court inevitably has in selecting the portions of instructions to be provided to the jury in written form.

6. The constitutionality of 17–A M.R.S.A. § 506–A was not an issue raised at trial and we intimate no opinion whatsoever thereon.