**STATE of Maine**

v.

**Robert WALDRON.**

Supreme Judicial Court of Maine.

Argued March 16, 1994.

Decided May 16, 1994.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee (orally), Asst. Dist. Atty., Portland, for State.

Peter E. Rodway (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ. and COLLINS, A.R.J.*

COLLINS, Active Retired Justice.

Robert Waldron appeals from the judgments entered in the Superior Court (Cumberland County, *Brennan, J.*) finding him guilty of six counts of unlawful sexual contact

---

* Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

and 17 counts of gross sexual misconduct. 17–A M.R.S.A. §§ 253(1)(B), 255(1)(C) (Supp. 1993). Waldron argues that the trial court erred in submitting a document to the jury which identified each count by the location in which it allegedly occurred. We affirm the judgments.

Waldron was indicted on 19 counts of unlawful sexual contact and 27 counts of gross sexual misconduct with [A.R.], a minor. This indictment did not identify the counts by the specific location in which they allegedly occurred. Waldron entered a plea of not guilty to all the counts. At the conclusion of the State's evidence at the trial, the court granted a judgment of acquittal for 13 counts of unlawful sexual contact and ten counts of gross sexual misconduct, leaving six counts of unlawful sexual contact and 17 counts of gross sexual misconduct to be resolved by the jury. To aid the jury in its deliberations,

the trial court prepared a document, primarily with the advice of the State's attorney, which listed the remaining counts and identified each by the location in which each alleged event was alleged to have occurred.[1] Despite Waldron's objection, the trial court distributed a copy of this document to each juror as it instructed them. Each juror took this document into the jury room. The jury found Waldron guilty on all counts. The trial court entered judgments in accordance with the verdicts from which Waldron appeals.

▮▮▮▮ Waldron contends that the trial court violated 14 M.R.S.A. § 1105 (1980).[2] He argues that because the document identified the various counts by a location not contained in the indictment but based on the testimony of the State's witnesses, the locations alleged were facts in controversy and

---

1. This form reads:

A) Counts one through four of the indictment refer to allegations at Robert Waldron's apartment in the bedroom/living room when [A.R.] was in Headstart:

Count One: *Unlawful Sexual Contact*
Count Two: *Gross Sexual Misconduct*
Count Three: *Unlawful Sexual Contact*
Count Four: *Gross Sexual Misconduct*

B) Count Seven of the indictment refers to allegations at [A.R.'s] apartment in her mother's bedroom:

Count Seven: *Gross Sexual Misconduct*

C) Counts Ten and Eleven of the indictment refer to allegations at [A.R.'s] apartment in her room on the top bunk bed:

Count Ten: *Gross Sexual Misconduct*
Count Eleven: *Gross Sexual Misconduct*

D) Counts Eighteen and Nineteen of the indictment refer to allegations at [A.R.'s] apartment in the living room on the couch:

Count Eighteen: *Gross Sexual Misconduct*
Count Nineteen: *Gross Sexual Misconduct*

E) Count Twenty–Five of the indictment refers to allegations at [A.R.'s] apartment in the living room on the floor:

Count Twenty–Five: *Gross Sexual Misconduct*

F) Count Twenty–Eight of the indictment refers to allegations at [A.R.'s] apartment in the bathroom on the sink:

Count Twenty–Eight: *Gross Sexual Misconduct*

G) Count Thirty of the indictment refers to allegations at [A.R.'s] apartment in the bathroom in the shower:

Count Thirty: *Gross Sexual Misconduct*

H) Count Thirty–Two of the indictment refers to allegations at [A.R.'s] apartment in the hallway:

Count Thirty–Two: *Gross Sexual Misconduct*

I) Count Thirty–Six of the indictment refers to allegations at Robert Waldron's apartment in the bathroom:

Count Thirty–Six: *Unlawful Sexual Contact*

J) Counts Thirty–Eight through Forty–One refer to allegations at Robert Waldron's apartment in the living room/bedroom on the bed:

Count Thirty–Eight: *Gross Sexual Misconduct*
Count Thirty–Nine: *Gross Sexual Misconduct*
Count Forty: *Unlawful Sexual Contact*
Count Forty–One: *Gross Sexual Misconduct*

K) Counts Forty–Two through Forty–Six of the indictment refer to allegations in Robert Waldron's apartment in the living room/bedroom on the Saturday before disclosure:

Count Forty–Two: *Unlawful Sexual Contact*
Count Forty–Three: *Gross Sexual Misconduct*
Count Forty–Four: *Gross Sexual Misconduct*
Count Forty–Five: *Unlawful Sexual Contact*
Count Forty–Six: *Gross Sexual Misconduct*

2. Section 1105 provides:

During a jury trial the presiding justice shall rule and charge the jury, orally or in writing, upon all matters of law arising in the case but shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such an expression of opinion is sufficient cause for a new trial if either party aggrieved thereby and interested desires it, and the same shall be ordered accordingly by the law court on appeal in a civil or criminal case.

by distributing the document to the jury the court gave the State's evidence its judicial stamp of approval in violation of section 1105. Although extreme caution is warranted any time the trial court gives a written statement to the jury due to its potential for prejudice, in this case the document submitted to the jury did not impermissibly express an opinion of the court on any controverted fact in issue.

As we have previously stated in *State v. Kessler*, 453 A.2d 1174, 1176 (Me.1983), "since 1887 in criminal cases, *State v. Day*, 79 Me. 120, 125, 8 A. 544 (1887), the statute in question has been interpreted to apply only to controverted facts." (citations omitted). Here, the effect of Waldron's not guilty plea is to place in controversy Waldron's charged conduct. The location of the occurrence of the charged conduct was not in issue nor was the State obliged to prove any particular location. "Section 1105 prohibits expression of opinion only 'upon issues of fact arising in the case.'" *Id.* Because location of the alleged charges was not such an issue, there was no violation of section 1105.

Contrary to Waldron's contention, the document in issue did not "lead the jurors down the guilty trail" in violation of his right to an impartial trial. Me. Const. art. I, § 6. Instead, the document was useful in assisting the jury in fulfilling its obligation to determine whether the State had met its burden of proof as to each of the multiple charges against Waldron. *See State v. Fournier*, 554 A.2d 1184, 1188, n. 7 (Me.1989).

The entry is:

Judgments affirmed.

All concurring.