**STATE of Maine**

v.

**Nicholas HASSAPELIS.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1989.

Decided Jan. 29, 1990.

Paul Aranson, Dist. Atty., Laurence Gardner (orally) Deputy Dist. Atty., Portland, for the State.

Martin Ridge (orally) Beagle, Pearce, Feller & Ridge, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Nicholas Hassapelis appeals from the judgments of the Superior Court (Cumberland County, *Brennan, J.*) entered on jury verdicts finding him guilty of two counts of robbery, 17–A M.R.S.A. § 651(1) (1983); one count of theft of tools, 17–A M.R.S.A. § 353 (1983); one count of theft by unauthorized use of an Isuzu automobile, 17–A M.R.S.A. § 360(1)(A) (1983); one count of theft of a van, 17–A M.R.S.A. § 353 (1983); and possession of a firearm by a felon, 15 M.R.S.A. § 393 (1980). Hassapelis's sole contention on appeal is that the trial court erred when it admitted as substantive evidence against him the redacted confession of a separately tried codefendant. We hold that the admission of such a confession, if error, was harmless and accordingly affirm the judgments.

The defendant was indicted by the Cumberland County grand jury for crimes committed in the final five days of 1987. These crimes consisted of the armed robberies of a Day's Inn and Texaco station, both located at Exit 8 in Westbrook, theft of a van belonging to R.D. Electric Company and of the tools within the van, theft of an Isuzu automobile and possession of a firearm by a felon.

As they sat in a stolen red pickup truck on Grant Street in Portland, the defendant and Craig Pettingill were arrested by Portland police on January 1, 1988. At the time, the police were looking for that particular vehicle in connection with the homicide of its owner. Following their arrest, police officers interrogated Pettingill and the defendant separately at the police station. During the course of Pettingill's interrogation, he confessed to the Day's Inn and Texaco station robberies and the thefts of the R.D. Electric Company van and tools and implicated the defendant in those crimes.[1] The two were to be tried separately, with the trial of the defendant preceding that of Pettingill.

On the first day of the defendant's trial, the State filed a motion in limine to allow into evidence the transcript of Pettingill's confession, redacted to eliminate all references to the defendant. The State offered Pettingill's confession as corroborative evidence pursuant to the "statement against interest" exception to the hearsay rule, M.R.Evid. 804(b)(3).[2] Over the defendant's

---

1. Pettingill in his confession did not admit any participation in the theft of the Isuzu automobile. He stated that the defendant knew where a stolen Isuzu was located. This statement was redacted. Neither the original nor redacted confession of Pettingill made reference to the defendant's illegal possession of a firearm.

2. M.R.Evid. 804(b)(3) states:

(b) **Hearsay Exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

....

(3) *Statement Against Interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render

objections, the court held an evidentiary hearing to address this motion. When the State called Pettingill to the stand, he refused to testify, validly invoking his right against self-incrimination under the fifth amendment to the United States Constitution. The court thereupon determined that Pettingill was "unavailable" for the purposes of M.R.Evid. 804(a)(1).[3] The State then conducted an extensive voir dire of numerous witnesses to corroborate various details in Pettingill's confession to demonstrate its reliability. The court ruled that Pettingill's statement, properly redacted to omit all references to the defendant, was admissible as substantive evidence against Hassapelis pursuant to M.R.Evid. 804(b)(3). At the trial, the redacted statement was read to the jury during the direct examination of Portland police detective Daniel Young. Hassapelis did not testify but offered two witnesses on his behalf.[4] He was convicted of the charged offenses and now appeals.

The defendant contends that the final sentence in M.R.Evid. 804(b)(3), "[a] statement or confession offered against the accused in a criminal case, made by a codefendant or other person implicating both himself and the accused is not within this [hearsay] exception,"[5] proscribed the

State's use of Pettingill's redacted statement at the defendant's trial.

The error, if any, in the admission of Pettingill's statement was harmless. *See State v. True*, 438 A.2d 460, 467 (Me.1981) ("preserved error should be treated as harmless if the appellate court believes it highly probable that the error did not affect the judgment" (quoting R. Traynor, *The Riddle of Harmless Error* 35, 49–51 (1973))). Pettingill's confession only addressed his commission of the robberies and thefts, and its admission duplicated other evidence. The record discloses that at the trial witnesses for the° State identified Craig Pettingill as one of the two robbers involved in the Day's Inn and Texaco robberies. There is also clear evidence independent of Pettingill's statement linking Pettingill with the thefts of the R.D. Electric Company van and tools. The testimony of other State's witnesses contradicted Pettingill's statement that he alone had committed the crimes at issue. Pettingill's statement, therefore, was merely cumulative. Moreover, the record discloses that apart from Pettingill's confession there is sufficient evidence, albeit largely circumstantial, from which a jury could rationally determine beyond a reasonable doubt that

invalid a claim by him against another or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. A statement or confession offered against the accused in a criminal case, made by a codefendant or other person implicating both himself and the accused, is not within this exception.

3. M.R.Evid. 804(a)(1) provides, in pertinent part:

   (a) **Definition of Unavailability.** "Unavailability as a witness" includes situations in which the declarant:

   (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement. . . .

4. Neither witness linked the defendant with the charged offenses.

5. Federal Rule of Evidence 804(b)(3) does not include this final sentence, though the earlier House version of the rule did. The committee report to the House version of the Federal Rules of Evidence stated that this sentence merely codifies the holding of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). H.R. 650, 93rd Cong., 1st Sess., at 15–16 (1973). *See also* Field & Murray, *Maine Evidence* § 804.4, at 378 (2d ed. 1987). *Bruton* involved a joint trial in which the confession of one codefendant was so "powerfully incriminating" of the defendant that the defendant was deprived of the sixth amendment right of confrontation even though the jury had been instructed to consider the confession only against the codefendant. *See also Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), in which the Court found no denial of the right of confrontation where a joint trial of defendant and codefendant and the confession of the codefendant on its face did not inculpate the defendant but became incriminating when linked with the defendant's own testimony and a proper instruction had been given by the trial court.

the defendant had participated in the commission of these crimes. *See State v. Ingalls,* 544 A.2d 1272, 1276 (Me.1988); *State v. Caouette,* 462 A.2d 1171, 1176 (Me.1983).

On its face, Pettingill's redacted statement did not implicate the defendant, and if erroneously admitted by the court because irrelevant to the issues before the jury, such error was harmless. Accordingly, we need not address the defendant's other challenges to the admissibility of the statement; namely, that the confession was not against Pettingill's "penal interest" because it was made while he was in custody of the police and the admission of this confession at the trial of the defendant violated the defendant's right of confrontation of witnesses guaranteed by the sixth amendment of the United States Constitution.

The entry is:

Judgments affirmed.

All concurring.