1997 ME 229

**STATE of Maine**

v.

**Thomas PLATT.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 16, 1997.

Decided Dec. 12, 1997.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Perry O'Brian, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Thomas Platt appeals from a judgment entered in the Superior Court (Penobscot, *Kravchuk, J.*) following a jury verdict finding him guilty of robbery, 17-A

M.R.S.A. § 651 (1983). Defendant challenges the admission in evidence of a redacted statement of a State's witness, the denial of his motion for a new trial, and the sufficiency of the evidence. Finding no error, we affirm the judgment.

[¶ 2] The relevant facts may be summarized as follows: On July 17, 1994, at approximately 2:00 a.m., a desk clerk at a motel in Bangor was talking on the telephone when two men entered the front door. Both men wore masks, and one man removed the phone from her hand and ripped it out of the wall. One man grabbed her and held a knife to her face demanding that she show him where the money was kept. When the robbers were unable to open the register, they forced her to open it for them. They took approximately $1000 and ran from the motel. The desk clerk was unable to identify either of the robbers. At trial, the State called Dale Braley as a witness, and he testified that he participated in the robbery, along with defendant and Robert King. Three other acquaintances of defendant testified that he admitted his involvement in the robbery to them. Defendant's girlfriend, also called as a State's witness, testified that she could not remember whether defendant had admitted his involvement in the robbery. She conceded, however, that in testifying before the grand jury she had stated that defendant admitted his involvement to her. She also conceded that she had testified truthfully to the grand jury.

[¶ 3] The State called as a witness the alleged accomplice Robert King. He invoked his Fifth Amendment rights and refused to testify. The court ruled that King was unavailable as a witness, and permitted the State to introduce, in redacted form, the contents of a written statement given to the police by King. In the statement, King confessed that he and defendant entered the motel and committed the robbery. The redaction involved replacing all references to defendant with an asterisk to be read as "somebody." The court ruled that the redacted statement was admissible pursuant to M.R.Evid. 804(b)(3)[1] as "a statement against

---

1. M.R.Evid. 804(b)(3) provides:

**(b) Hearsay Exceptions.**

interest, it meets the inherent reliability test, it implicates [King] in the commission of a very serious crime, so it meets the test of statement against interest, he's unavailable as a witness, and the Rule provides for that to be admissible." The redacted statement was read in evidence by a police officer.

[¶ 4] Defendant argues that the court erred in admitting the statement. Defendant has never challenged the statement on the basis of relevance, but the unusual context of the court's ruling should be noted. Robert King was not on trial. In a joint trial of co-defendants, the State is permitted to present a defendant's redacted confession to prove a case against that defendant without violating the co-defendant's right of confrontation and cross-examination. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In the present case, however, King's statement, redacted to delete any reference to defendant, was admissible only if it tended to corroborate other evidence of defendant's guilt. Because the statement placed King at the robbery, it provided a measure of circumstantial support for the joint involvement of defendant and King.

[¶ 5] Defendant first argues that the redacted statement was inadmissible because the hearsay exception for statements against interest excludes "[a] statement or confession offered against the accused in a criminal case, made by a co-defendant or other person implicating both himself and the accused...." M.R.Evid. 804(b)(3). The rule merely mirrors the requirements of *Bruton.*[2] Once redacted, the King statement no longer implicates defendant and it falls within the hearsay exception.

[¶ 6] Defendant next contends that even though his name was replaced with a neutral pronoun, the admission of the statement violated his right, of confrontation under the Sixth Amendment.[3] We disagree. The redacted statement was not so powerfully incriminating as to implicate defendant's right of confrontation. *See State v. Craney,* 662 A.2d 899 (Me.1995). The statement does not directly connect defendant to the robbery, and, in any event, it is cumulative of other evidence admitted at trial. *See State v. Hassapelis,* 569 A.2d 192, 194 (Me.1990).

[¶ 7] Defendant moved for a new trial on the basis that the witness, Dale Braley, had testified inconsistently in an earlier trial in federal court. The court correctly characterized the testimony from the prior trial as additional impeaching evidence that could have been offered. Noting that the witness had been impeached with substantial evidence of inconsistent statements, the court concluded that the additional evidence would not have changed the result of the trial. Reviewing that ruling for clear error, *State v. Navarro,* 621 A.2d 408, 413 (Me.1993), we find none. Finally, defendant's challenge to sufficiency of the evidence is wholly without merit.

The entry is:

Judgment affirmed.

---

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(3) Statement Against Interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another or to make him the object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. A statement or confession offered against the accused in a criminal case, made by a codefendant or other person implicating both himself and the accused, is not within the exception.

2. *See* Field & Murray, *Maine Evidence* § 804(4) at 469 (4th ed.1997).

3. The Sixth Amendment to the United States Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to ... be confronted with the witnesses against him." U.S. Const. amend. VI.