JENNIE A. ROWELL *vs.* FIFIELD MITCHELL *et al.*

Somerset. Decided November 27, 1876.

*Mortgage. Real action.*

In a writ of entry against two defendants, B and M, there was a joint plea of *nul disseizin* with a brief statement, not filed within the time allowed for pleas in abatement, that B was mortgagee in possession, and that M was holding possession under him. The defendants offered in evidence an assignment to B of an outstanding mortgage of the premises. *Held*, that as to M, the brief statement containing matter in abatement was not open to him; but that the assignment was admissible as showing the plaintiff's rights under her title, and that she did not sustain her right of possession as claimed in her writ.

A tender of the amount due upon a mortgage after condition broken does not discharge the mortgage.

A mortgagor cannot maintain a writ of entry against a mortgagee in possession.

ON REPORT.

WRIT OF ENTRY, originally commenced in the name of Eliza

Mitchell, for one undivided half of the Burrill farm in Canaan, and one undivided fourth of a wood-lot from Burrill to Eliza Mitchell and Fifield Mitchell, dated August 21, 1865, under which she claimed title.    The writ was dated November 27, 1873.

The action was entered at the December term, 1873, and continued till September term, 1874, when the death of the demandant was suggested, she having deceased August 10, 1874 ; her will was duly probated ; Jennie A. Rowell came in as devisee to prosecute ; and at the present September term, 1875, her name was substituted in place of her mother, the original demandant.

At the present term, the defendants pleaded the general issue, *nul disseizin*, jointly, and filed a joint brief statement of the grounds of their defense ; that Jewett claimed title under the assignment of the Burrill mortgage and that Mitchell was in possession under him.

It appeared in evidence that David Mitchell and Eliza Mitchell, August 21, 1865, bought a farm in Canaan of Scammon Burrill, paid $2030 down, directed a conveyance of one undivided half to be made to their youngest son, Fifield Mitchell, one of the defendants, and of the other undivided half to Eliza Mitchell. Eliza and Fifield gave their joint notes for the balance of the purchase money, $1970, payable in one, two, three and four years, and a mortgage on the farm to secure its payment.  She then gave (David Mitchell joining with her) a warrantee deed of her half to Fifield for the nominal consideration of $1000, upon certain conditions to be performed by him, viz : to support his father and mother comfortably through life, to pay $100 each to two-daughters when married, and to pay off the $1970 and save said David and Eliza harmless therefrom.

Fifield went into possession of the whole farm.    David Mitchell died May 24, 1873.    Eliza Mitchell, September 4, 1873, went to live with her son, Frank, in Showhegan, about thirteen miles from the farm, having previously notified Fifield of her intention to do so, and requested him to make provisions for her support there, which he refused to do ; and she was there supported by Frank to the time of her death.    She made a formal entry on the farm, November 19, 1873, in the presence of two witnesses, for non-per-

formance of the conditions, stating to Fifield at the time that he had wholly neglected to support his father or her, had not paid the money to the girls when married, nor paid off the Burrill notes and mortgage, although more than four years overdue.

On March 15, 1870, Henry S. Jewett, one of the defendants, took an assignment of the Burrill mortgage and last note, and on August 31, 1871, Fifield gave Jewett a quitclaim deed of his interest in the farm, but remained in occupation.

Much evidence was introduced *pro* and *con*, as to the manner in which the parents were maintained at Fifield's.

March 8, 1875, the plaintiff demanded of Jewett a true account of the sum due on the mortgage, and on March 29th thereafter tendered him $800 "upon the mortgage that Fifield and his mother gave to Scammon Burrill, and by Burrill assigned to Jewett."

*D. D. Stewart*, for the plaintiff.

I.  The original demandant's devisee is the proper party to prosecute the suit after her death. *Hayden* v. *Stoughton*, 5 Pick. 528, 540. *Brigham* v. *Shattuck*, 10 Pick. 306, 309. *Austin* v. *Cambridgeport*, 21 Pick. 215.

II.  The neglect to support comfortably and suitably David and Eliza Mitchell was a forfeiture of the conditions of the deed, and entitled either to re-enter upon the land for condition broken; no actual re-entry was necessary under our statutes, although one was made. R. S., c. 104, § 4. *Austin* v. *Cambridgeport*, 21 Pick. 215. *Stearns* v. *Harris*, 8 Allen, 597, 598.

III.  The payment of the $100 to each of the girls became due on notice of marriage. *Chancey* v. *Graydon*, 2 Atk. ch. 617.

And forfeiture took place if not then paid. *Reynish* v. *Martin*, 3 Atk. c. 331.

No demand of payment of the $100 necessary. *Whitton* v. *Whitton*, 38 N. H. 127.

Nor could payment be waived by the girls. Mere silence never a waiver. *Gray* v. *Blanchard*, 8 Pick. 284.

IV.  Eliza Mitchell had a right to support anywhere she desired, within a reasonable distance; there being no language in

the deed requiring her to receive support on the farm, and the refusal to support her after notice and request was a breach of the conditions of the deed. *Crocker* v. *Crocker*, 11 Pick. 252. *Hubbard* v. *Hubbard*, 12 Allen, 586, 590. *Thayer* v. *Richards*, 19 Pick. 398. *Wilder* v. *Whittemore*, 15 Mass. 262. *Pettee* v. *Case*, 2 Allen, 546, 8, 9.

V. Notes to Burrill should have been paid when due, or, at most, within a reasonable time thereafter. *Hayden* v. *Stoughton*, 5 Pick, 528. *Ross* v. *Tremain*, 2 Met. 495.

Neglect to pay for more than four years after all were due, was a breach of condition. *Fisk* v. *Chandler*, 30 Maine, 79, 82.

VI. Under the pleadings, a joint *nul disseizin*, nothing but a joint title can be offered in evidence. Title in one only does not support the issue. *Wyman* v. *Brown*, 50 Maine, 139, 145.

VII. Mitchell should have pleaded non-tenure, or disclaimed at first term. Not having done so, he has no defense. *Colburn* v. *Grover*, 44 Maine, 47. *Wyman* v. *Brown*, 50 Maine, 139.

VIII. Demandant is entitled to a qualified judgment against Jewett, so far as his title under Mitchell goes, not disturbing his possession under the mortgage. *Doten* v. *Hair*, 16 Gray, 149. *Cronin* v. *Hazeltine*, 3 Allen, 324, 326, (note). *Kilborn* v. *Robbins*, 8 Allen, 466, 472. *Doyle* v. *Coburn*, 6 Allen, 71.

*J. Baker*, for the defendants.

DANFORTH, J. This is a writ of entry to recover possession of an undivided half of certain lands described, and comes before this court upon report. It appears from the plaintiff's testimony that Eliza Mitchell and one of the defendants, Fifield Mitchell, on the twenty-first day of August, 1865, purchased the land of Scammon Burrill and took a deed of the whole lot as tenants in common; at the same time the said Eliza and Fifield joined in a mortgage of the same premises to said Burrill, to secure certain notes given for the purchase money. This mortgage is still outstanding, one of the notes secured by it not having been paid. On the same day Eliza, in connection with her husband, gave to Fifield a conditional deed of her half of the premises. This action was commenced by Eliza to recover her half, on the ground of a breach in

the condition of her deed. Subsequently, she having deceased, the present plaintiff came in and prosecutes this action as her devisee.

Assuming a breach in the condition as alleged, the plaintiff, standing in the place of her devisor, would be entitled to recover not only as against Fifield, but also all other persons except the mortgagee, or one having his right. As against him, she having only the right of the mortgagor, could not recover. *Conner* v. *Whitmore*, 52 Maine, 185.

The defendants, in order to bring themselves within this rule of law, offer an assignment of the mortgage from Burrill to the defendant, Jewett. This assignment appears to be valid and sufficient to give Jewett all the rights of the mortgagee. But the plaintiff objects to its reception as testimony on several grounds.

It is claimed that under the pleadings it is not competent for the defendants to protect themselves by any other than a joint title superior to that of the plaintiff, and the case of *Wyman* v. *Brown*, 50 Maine, 139, 145, is relied upon. Though that part of the opinion referred to was not necessary to a decision of the case, we see no occasion to question its soundness. But the principles there enunciated have as little application to this case as to that. The brief statement in this action so far as it relates to the manner in which the defendant Mitchell is in possession, contains matter which should have been filed within the time allowed for pleas in abatement. As it was not so filed it comes too late and cannot be considered. The defendants join in the general issue, and upon the issue thus raised the case must be decided. The plaintiff alleges the seizin of her devisor, and a wrongful joint disseizin by the defendants. Their plea admits their possession but denies the alleged disseizin. The burden of proof is upon the plaintiff to show such a title as will give her a better right to the possession than the defendants have. It is a question of title between the parties, but the plaintiff must recover upon the strength of her own and not upon the weakness of that of her opponents. *Chaplin* v. *Barker*, 53 Maine, 275. Whatever, then, is competent to show title in the defendants or rebut that offered by the plaintiff and tending to show that she, under the title set up by her, has no right to possession of the premises, is admissible in evidence. Even

a title in a stranger is competent for the purpose of rebutting that of the plaintiff. Jackson in his work on Real Actions, page 161, thus states the law :· "It appears that the rule which prevents a tenant from showing a title in a stranger, is confined to those cases in which a tenant is also setting up a title in himself. So long as he is merely repelling and disproving the claim of the demandant, he may for that purpose show an adverse title in a stranger." 2 Green. Ev., § 556, and cases cited in note.

By the deed and mortgage introduced by the plaintiff, she has shown an instantaneous seizin only in her devisor and no right of possession, as against the mortgagees. If, then, Burrill was the defendant, she must fail upon her own showing. The action is not against him, therefore she has an apparent right. But it must be competent to show that such apparent right is not a real one; that notwithstanding the action is not against Burrill nominally, it is against one who legally stands in his place and is entitled to all his rights. This the assignment effects.

But it is still objected that the plea is joint and the title thus set up is the title of only one. If the defendants were seeking to establish an independent title in themselves, this suggestion would be entitled to very grave consideration. In such case the burden of proof would be upon them and they might well be holden to establish such title in this respect as by their plea they rely upon. Apply the same principle to the plaintiff. In her writ she alleges a joint disseizin, and claims possession against both defendants. Taking all the proof relating to the title upon which she rests her claim, and it not only fails to sustain her allegations, but shows conclusively that there is no such joint disseizin, and that she is not entitled to the possession, which she asks against both. It may be true that Mitchell alone could not set up such defense, for the act of setting up the mortgage as a valid claim would in itself be a breach of the condition in his deed, nor would it avail him if he could, as he is not mortgagee. But this cannot prevent Jewett from so doing, for he is mortgagee, and if her title is not sufficient to prevail against both she cannot have judgment in her favor. *Varnum v. Abbot*, 12 Mass. 474, 479, 480.

Another objection is that as Jewett now has Mitchell's title, he takes it with all its infirmities, and is equally bound with him to discharge the mortgage, or at least is estopped from setting it up as a defense. So far as Jewett does rely upon that title the effect claimed would seem to follow. Mitchell could only convey subject to the condition, and his grantee would be bound by it, and if he had first purchased the conditional titles, so far as he subsequently performed any act imposed by that condition, we might have inferred that it was done in obedience to the obligation flowing from it, and quite possibly the mortgage might have been held as discharged, notwithstanding the assignment. But the case shows that the assignment of the mortgage from Burrill was previous to any conveyance from Mitchell to him. As he took the proper steps to uphold the mortgage as a subsisting title, a subsequent quitclaim deed from Mitchell of his interest in the premises, in the absence of other testimony, can not legally control his title under the mortgage.

It is further claimed that the mortgage is discharged by the tender which is proved. This tender was made after condition broken and after possession, and not accepted. It is well settled in our state, as well as in Massachusetts, that a tender under such circumstances may lay the foundation for a bill in equity for redemption, but will not enable the mortgagor to get possession by an action at law. *Wilson* v. *Ring*, 40 Maine, 116. *Stewart* v. *Crosby*, 50 Maine, 130. *Maynard* v. *Hunt*, 5 Pick. 240. *Currier* v. *Gale*, 9 Allen, 522. *Howe* v. *Lewis*, 14 Pick. 329.

It is also claimed that even if Jewett is entitled to possession under the mortgage, yet, as he now has the interest of Mitchell, the plaintiff may have a qualified judgment against him, so far as that interest is concerned, "not disturbing any possession taken under the mortgage," and several cases in Massachusetts are relied upon. We have no occasion to question the law of those cases, but we do not find them applicable to this. The principle settled there is that a mortgagee may have a qualified judgment against a prior mortgagee, who is also the owner of the equity of redemption. This judgment is in the nature of a decree in equity, and its purpose and effect is simply to foreclose the mortgage,

without changing the actual possession. But in the case at bar the plaintiff has no mortgage to foreclose. We are considering the case upon the assumption that the condition in the deed to Fifield Mitchell has been broken. Under the entry on that ground, the deed becomes a nullity and no time for redemption remains. The plaintiff in her writ seeks for no foreclosure, but asks for possession, absolute and entire. She is simply a mortgagor, and not under any circumstances a mortgagee. The defendant Jewett is mortgagee; and, though as having a deed from Fifield, he may be mortgagor to himself, if one person can sustain the two positions; he is in no sense mortgagor to the plaintiff.

As the view we have taken decides this case only, and not the rights of the parties to the land, except under the mortgage, the entry should be,

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.