STATE of Maine

v.

Joseph BARLOW.

Supreme Judicial Court of Maine.

June 29, 1978.

Henry N. Berry III, Dist. Atty., Peter Ballou, Deputy Dist. Atty., Portland, Jef-

frey Albanese, Law Student (orally), for plaintiff.

Judy R. Potter, Cumberland Legal Aid Clinic, Portland, Robert G. Frazier (orally), Student Atty., for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Appellant was found guilty of burglary, in violation of 17–A M.R.S.A. § 401, by a jury. This timely appeal from the judgment entered on the verdict followed. Appellant's claim now before us is that certain portions of the charge to the jury were inconsistent, inaccurate, and misleading, resulting in prejudice to him and requiring a new trial.

We deny the appeal.

At the trial, the State presented evidence which tended to show that in the early morning hours of January 17, 1977 the Portland Police Department received a call from an unidentified informant that a break-in had occurred at Bubba's Cafe in Portland. A Portland undercover police officer in an unmarked car was in the vicinity of the Cafe when he was informed that the break had occurred. The officer then drove to the Cafe where he observed a car leaving the parking lot. He followed the car until he was joined by another officer. Shortly thereafter the car was stopped.

Upon being stopped, five occupants, including appellant who was sitting in the back seat, were observed in the car and were subsequently arrested. Two liquor bottles were found in the front seat and a later inventory search of the trunk revealed the presence of 12 more bottles.

Appellant chose not to testify in his own defense but presented several witnesses. One witness, a fellow occupant of the car, admitted that he had broken into Bubba's. He alleged, however, that appellant had not participated in the break nor had he been present in the car prior to the break. A second witness testified that appellant had spent the evening plowing snow and that he had returned appellant to an area near the Cafe around 3:00 a. m. This was close to the time the break-in was alleged to have occurred.

At the close of this evidence, the judge charged the jury on the definition of "accomplice." After properly objecting to the charge, appellant now contends, as he did below, that he was severely prejudiced since the instruction would have allowed the jury to find appellant guilty without a legally sufficient showing by the State that all the requisite elements of the alleged crime were present. Appellant argues that the jury could have based its finding on appellant's guilt merely on his presence in the car after the burglary and a finding that appellant intended to "participate in the fruits of the crime." Under the charge, appellant claims, the jury could have convicted without a finding that appellant was actually or constructively present as required by *State v. Berube*, 158 Me. 433, 185 A.2d 900 (1962) and *State v. Burbank*, 156 Me. 269, 163 A.2d 639 (1960).

■ It is a precept of long-standing that the propriety of a charge to the jury can only be tested by considering the charge in its entirety. *E. g. State v. McDonough*, Me., 350 A.2d 556, 564 (1976); *State v. Gagne*, Me., 349 A.2d 193, 197 (1975). In viewing the charge as a whole it appears that the trial court stated that participation in the fruits of the crime was one element of being an accomplice under 17–A M.R.S.A. § 57. While neither the statute nor the Maine case law has ever described such an element, including this element in the charge was at most harmless error.

Throughout the charge it is apparent that the judge included participation in the fruits of the crime as an additional element that must be proved beyond a reasonable doubt, not as an alternative to the other elements. Casting an additional, albeit unnecessary, burden on the State was an error that inured to appellant's benefit. He should not be heard to complain.

■ We note that some confusion might have resulted when the judge gave the fol-

lowing example of an accomplice as someone:

   .  .  . there for the purposes of rendering aid or assistance to his companion in the commission of that crime or is prepared to go to the assistance of that companion in the commission of a crime if called upon and is within an area close enough so that he could come to the assistance or to assist the others in leaving the scene of the crime or participating in the fruits of the crime  .  .  .

Such confusion, if any, however, was clearly dissipated by the elaborations which followed and which clearly demonstrate that mere presence and intent to participate in the fruits of the crime were not sufficient in themselves for conviction.

The entry must be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., did not sit.