**STATE of Maine**

v.

**Dale FENDERSON.**

Supreme Judicial Court of Maine.

Argued May 11, 1982.

Decided Aug. 18, 1982.

Gene Libby, Dist. Atty., Pamela Knowles Lawrason, Asst. Dist. Atty., E. Anne Catlin, Legal Intern (orally), Alfred, for plaintiff.

George F. Wood (orally), Sanford, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

GODFREY, Justice.

Dale Fenderson appeals from his conviction of operating a motor vehicle after suspension of his operator's license in violation of 29 M.R.S.A. § 2184 (1978), following a jury trial in Superior Court, York County.

On this appeal the defendant challenges the trial court's instruction to the jury on the element of suspension, certain aspects of the sufficiency of the evidence to support his conviction, and the trial court's failure to admit in evidence the uniform traffic ticket that was the original charging instrument. We deny the appeal.

The defendant's license to operate a motor vehicle was suspended effective May 7, 1980, as a result of his conviction on April 16, 1980, of operating under the influence of intoxicating liquor. 29 M.R.S.A. § 1312 (1978). On November 5, 1980, the defendant was observed driving south on Route 1 in Wells by a North Berwick police officer who knew the defendant and recognized his truck. On November 6 the officer reported the incident to a Wells police officer, and on November 9 a uniform traffic ticket was issued, charging the defendant with operating after suspension.

After conviction in District Court on February 3, 1981, the defendant appealed to Superior Court, where a trial de novo before a jury was held on August 17 and 18, 1981. At that trial the State presented the certified statement of the Secretary of State that the defendant's license had been under suspension on November 5, 1980. A friend of the defendant testified that·he, not the defendant, had been driving the defendant's truck on November 5, in part because the defendant knew "he wasn't supposed to be driving because his license was under suspension." The trial court "received" but did not admit in evidence the defendant's copy of the uniform traffic ticket, which the defendant offered as an exhibit. Counsel for the defendant was allowed to use the ticket in cross-examination of the Wells police officer, who agreed that the date of the offense written on the ticket appeared to have been changed from November 4 to November 5. Fenderson was not tried, however, on the ticket, but rather upon complaint separately filed in both the District and Superior Courts.

The defendant contends that the following instruction given to the jury by the trial court improperly required it to find

that the defendant's license had in fact been suspended on November 5:

> And you have been offered certain evidentiary matter which have indicated the reason why there was a suspension. And I want you to understand that you are not here today to decide whether there was or was not an appropriate suspension, nor are you here today to judge the conduct by which any suspension may or may not have been made.

That statement was followed by various instructions making it plain that whether Fenderson's license was under suspension at the time the police said he was driving was an issue for the jury to determine, and that for them to find him guilty they must find that fact beyond a reasonable doubt. In particular, the presiding justice told the jury, "And you do have to consider ... whether the State has carried its burden ... whether or not at that particular time his privilege or right to operate had been suspended." Even if the jury might have been inclined originally to give the challenged instruction the strained construction that Fenderson says they may have ascribed to it, the subsequent language clarified the charge, dispelling any possibility of an erroneous understanding on the part of the jury. *See State v. Barlow*, Me., 387 A.2d 759 (1978). The adequacy of jury instructions must be determined by a review of the charge as a whole. *State v. Foster*, Me., 405 A.2d 726, 730 (1979). Considered in its entirety, the charge given was adequate.

■ Under 29 M.R.S.A. § 58 (1978), the certificate of the Secretary of State that a defendant's license has been suspended is prima facie evidence of suspension. Fenderson contends that the State, by presenting only the certificate as evidence of suspension, failed to prove suspension beyond a reasonable doubt.[1] The official certificate of the Secretary of State, unrebutted by the defendant, is sufficient evidence of the suspension of the defendant's license to allow a jury to find that the suspension element of the offense of operating a motor vehicle after suspension was proved beyond a reasonable doubt. A duly authenticated document which is given prima facie status by an evidentiary statute is entitled to the weight necessary to support a verdict of guilty. *State v. Larrabee*, 156 Me. 115, 123, 161 A.2d 855, 860 (1960). Prima facie evidence does not require that the jury draw any inference from the fact presented, but only that it believe (or disbelieve) the fact. *See generally* Nesson, *Reasonable Doubt and Permissive Inferences: The Value of Complexity*, 92 Harv.L.Rev. 1187, 1199–1215 (1979). Also, the defendant suggests that the State must prove he received notice of the suspension, but the governing statute makes the suspension effective on a specified date not less than ten days after mere mailing of the notice. 29 M.R.S.A. § 2241–E (Supp. 1981–1982). In any event, the jury was entitled to believe the testimony of the defendant's own witness that Fenderson knew on November 5, 1980, that his license was under suspension.

■ The defendant next argues that the trial court committed reversible error when it ruled that his offered exhibit, the uniform traffic ticket, was "offered, received and not accepted." Before offering the ticket in evidence, counsel for the defendant stated at sidebar that he intended to offer the ticket "to show the date was changed ... to get at the date of the event." He then questioned the Wells police officer, who agreed that the date had been changed, although he did not remember changing the date himself. After the court, indicating that the ticket was offered only to question the officer's credibility, refused to accept the ticket in evidence, defense counsel proceeded with his questioning.

The court's refusal to admit the ticket in evidence did not affect a substantial right of the defendant in this case. The defendant's argument on appeal is that the trial

---

1. Fenderson makes no claim that the State failed to prove the identity of Fenderson as the person whose license had been suspended.

court's ruling on this issue gave undue emphasis to the certificate of the Secretary of State, which had been admitted, because that exhibit was allowed into the jury room when the jury retired to deliberate, while the defendant's was not. Even if the ticket had been admitted, however, it was within the trial court's discretion whether it would be taken into the jury room when the jury retired. *Sawyer v. Garcelon*, 63 Me. 25 (1874); *State v. Jordan*, 532 S.W.2d 776, 782 (Mo.App.1975); *Commonwealth v. Lybrand*, 272 Pa.Super. 475, 416 A.2d 555 (1979). Where, as here, defense counsel used the exhibit in cross-examination, a refusal by the court to permit the exhibit to go into the jury room would not have been an abuse of discretion. *See Commonwealth v. Hrynkow*, 457 Pa. 529, 330 A.2d 858 (1974).

Here the officer under cross-examination testified that the date on the ticket had been changed. The ticket itself was thus cumulative evidence—another possible reason for not admitting it in evidence. *Cope v. Sevigny*, Me., 289 A.2d 682, 689 (1972). *See also Shoemaker v. Marc's Big Boy*, 51 Wis.2d 611, 187 N.W.2d 815 (1971). In addition, the defendant's proposed use of the ticket was for impeachment purposes. While in some jurisdictions impeaching documents cannot be taken into the jury room at all, *e.g., Esderts v. Chicago, Rock Island & Pacific Railroad Co.*, 76 Ill.App.2d 210, 222 N.E.2d 117 (1966), *cert. denied*, 386 U.S. 993, 87 S.Ct. 1309, 18 L.Ed.2d 339 (1967), it is at least not an abuse of discretion for a trial court to refuse to send into the jury room documentary evidence introduced on cross-examination for impeachment purposes when the contents and nature of the evidence have been made known to the jury by testimony. *Westerman v. Stout*, 232 Pa.Super. 195, 335 A.2d 741 (1975).

The only part of the ticket with which the defendant is apparently concerned is the altered date of the alleged offense. The members of the jury could learn no more about the significance of that alteration by looking at it than they already knew from hearing the officer's testimony. No substantial right of the defendant was affected by exclusion of the ticket. M.R. Evid. 103(a)(2).

No other issues raised by the defendant on this appeal merit the consideration of this Court.

The entry is:

Judgment affirmed.

All concurring.