1997 ME 101

**STATE of Maine**

v.

**George JORDAN.**

Supreme Judicial Court of Maine.

Argued Feb. 7, 1997.

Decided May 15, 1997.

---

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty. (orally), Howard O'Brien, Asst. Dist. Atty., Portland, for State.

Michael E. Saucier (orally), Thompson & Bowie, Portland, for defendant.

Before ROBERTS, and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] George Jordan appeals from the judgment entered in the Superior Court (Cumberland County, Cole, C.J.) following a jury verdict finding him guilty of reckless conduct with the use of a dangerous weapon (Class C) in violation of 17–A M.R.S.A. §§ 211, 1254(2) (1983). Because we agree with Jordan's con-

tention that the trial court erred in permitting testimony of prior bad acts in violation of M.R.Evid. 404(b), we vacate the judgment.[1]

[¶ 2] The record and evidence received at trial reveal the following: Clover Jordan, Jordan's estranged wife, received three harassing phone calls in the early morning hours of April 24, 1994. She reported the calls to the Portland Police and said that she suspected Jordan as the caller. The South Portland Police checked out the location where the phone calls originated, a pay phone at 441 Western Avenue in South Portland. The officers did not observe anyone at the pay phone, but they proceeded to Jordan's home at approximately 2:30 a.m.

[¶ 3] The officers made phone contact with Jordan and also knocked on his door on several occasions. Jordan refused to comply with the officer's requests to open his door and speak with them about the phone calls. Jordan responded to the officer's presence by turning up the music on his stereo. The officers received information that there was an outstanding warrant for his arrest for a failure to appear at a hearing on a charge of carrying a concealed weapon. The officers at the scene then decided, based on a complaint from Jordan's neighbor regarding the loud music, to execute the outstanding arrest warrant. As the officers forcibly entered Jordan's darkened apartment, he was observed pointing a shotgun at one of the officers. Two of the officers fired shots and struck Jordan in the arm. Jordan's shotgun was found to be loaded.

[¶ 4] Jordan was indicted on charges of criminal threatening with the use of a dangerous weapon in violation of 17–A M.R.S.A. §§ 209, 1252(4)(1983)[2] and reckless conduct with the use of a dangerous weapon in viola-

---

1. Jordan additionally contends that his conviction must be set aside because the police entry into Jordan's home violated his Fourth Amendment rights. He also argues that the evidence is insufficient to support a conviction of reckless conduct with the use of a firearm. We are unpersuaded by those contentions.

2. 17–A M.R.S.A. § 209 (1983) provides:

1. A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury.
2. Criminal threatening is a Class D crime.
17–A M.R.S.A. § 1252(4) (1983) provides in part:
4. If the State pleads and proves that a Class B, C, D or E crime was committed with the use of a dangerous weapon then the sentencing class for such crime is one class higher than it would otherwise be.

tion of 17–A M.R.S.A. §§ 211, 1252(4) (1983).[3] Prior to the trial, Jordan moved in limine, pursuant to M.R.Crim.P. 12(c), seeking to restrict the testimony of Clover Jordan. Jordan sought to prohibit her from testifying about the three phone calls he allegedly made on April 24, 1994, and the history of his harassment against her, that began in 1993. The court denied Jordan's motion and concluded that the prior bad acts were admissible to prove Jordan's intent, motive, and state of mind as he confronted the officers.

[¶ 5] At the trial, Jordan continued to object to the testimony of Clover who testified about incidents as long as a year and a half before the present charges, when Jordan had harassed her with phone calls, had followed her in a vehicle and attempted to run her off the road, and had sat outside her house in a vehicle watching her home. The court denied Jordan's motion for acquittal at the close of the State's case and at the close of all the evidence. This appeal followed the jury verdict finding Jordan guilty of reckless conduct with the use of a dangerous weapon.[4]

[¶ 6] Evidence of other crimes or wrongs is not admissible to prove the character of a person to show that he acted in conformity therewith. M.R.Evid. 404(b).[5] Nevertheless, such evidence may be admissible if it is "relevant to specified facts and propositions" involved in the case. Field & Murray, *Maine Evidence* § 404.4 at 4–44 (1993). In this context, the foundational test for admissibility is relevance. *State v. Wallace*, 431 A.2d 613, 616 (Me.1981). Evidence of prior bad acts is relevant if it casts light on the nature of the act for which the defendant is being prosecuted, by showing motive, intent, knowledge, absence of a mistake, common scheme, identity or a system or general pattern. *Id. See also* M.R.Evid. 404(b) advisers' note; *State v. Nadeau*, 653 A.2d 408, 411 (Me.1995) (evidence of prior sexual acts admissible to show motive, intent or opportu-

nity to commit offense); *State v. Heald*, 393 A.2d 537, 542 (Me.1978) (defendant's attempted robbery of murder victim admissible to show design, motive, knowledge, and identity).

[¶ 7] To obtain a conviction, the State was required to prove, beyond a reasonable doubt, that Jordan "recklessly created a risk of substantial risk of bodily injury to another person." 17–A M.R.S.A. § 209 (1983). Although evidence that three phone calls were made on April 2, 1994, would have some relevance as to the occurrences on that same night, the testimony about the prior bad acts Jordan had committed toward his *estranged wife, months* or *years* earlier, was not relevant to show Jordan's motive, intent, or state of mind at the time he allegedly pointed a gun at *Officer Barlow*. Contrary to the State's contention, the evidence of Jordan's prior bad acts directed against his wife had no probative value in proving his guilt of the later crime committed against someone else and, therefore, the court erred in admitting Clover's testimony. *See State v. Robinson*, 628 A.2d 664, 666 (Me.1993) (question of relevancy of proffered evidence is reviewed under a clear error standard).

[¶ 8] Because Jordan preserved his objections, we review the alleged trial errors pursuant to a harmless error standard. M.R.Evid. 103(a); M.R.Crim.P. 52(a). Error is harmless only if it is highly probable that the error did not affect the factfinder's judgment. *State v. Pelletier*, 673 A.2d 1327, 1330 (Me.1996). The court erroneously allowed Clover to testify *in detail* that Jordan had made fifteen or twenty harassing phone calls, that he had followed her in a vehicle and nearly ran her off the road, and that he had stalked her. Because of the prejudicial nature of this testimony we are unable to say that it is highly probable that the fact finder's judgment was not affected. The error, therefore, was not harmless.

---

3. Title 17–A M.R.S.A. § 211 (1983) provides:

    1. A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person.
    2. Reckless conduct is a Class D crime.

4. The jury found Jordan not guilty of criminal threatening.

5. M.R.Evid. 404(b) provides:

    **(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show that he acted in conformity therewith.

The entry is:

Judgment vacated. Remanded for proceedings consistent with the opinion herein.

