1998 ME 41

**Francis A. GASSON**

v.

**Steven ST. PIERRE and Goodyear
Tire and Rubber Company.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 22, 1998.

Decided Feb. 27, 1998.

Daniel R. Warren, Jones & Warren, P.A., Scarborough, for plaintiff.

Elizabeth A. Germani, Ernest J. Babcock, Friedman, Babcock & Gaythwaite, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, RUDMAN, and DANA, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Francis Gasson appeals from a judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) in favor of defendants Steven St. Pierre and the Goodyear Tire and Rubber Company. A jury returned a verdict finding that plaintiff suffered no injuries caused by defendants' negligence. On appeal, plaintiff challenges a number of evidentiary rulings. Finding no error, we affirm the judgment.

[¶ 2] The relevant facts may be summarized as follows: In February of 1994, a Goodyear Tire truck driven by St. Pierre struck plaintiff's vehicle from behind while he was stopped at a tollbooth. Plaintiff drove home without assistance and did not seek medical treatment. He testified that he had difficulty sleeping that evening and experienced back, shoulder, and neck pain. He visited a doctor two days after the accident, but concluded that doctors were unable to help him. Four months later, he sought

treatment from Dr. George Roy, a chiropractor.

[¶3] Plaintiff testified that he was employed as a traveling salesman and that his injuries required him to reduce his business and recreational activities. Dr. Roy testified that he treated plaintiff for back pain after the accident and conceded that sitting for long periods of time in a car can cause back injuries. A neighbor testified to a significant decrease in plaintiff's physical activities following the accident, and described his observations of plaintiff's pain and suffering. The jury returned a verdict in favor of defendants. Plaintiff now appeals.

 [¶4] Plaintiff contends that the court improperly excluded the neighbor's testimony concerning statements plaintiff made to him about his pain and suffering. M.R. Evid. 803(3)[1] provides that statements concerning a declarant's then existing state of mind or physical condition will not be excluded by the hearsay rule. The neighbor's testimony falls within the exception, and the court erred in excluding it. The error, however, was not prejudicial. Plaintiff testified at length about his pain and suffering and the neighbor described the pain and suffering that he had observed. Considering the entire record, it is highly probable that the exclusion of his statements to the neighbor did not affect the factfinder's judgment. *See State v. Hassapelis,* 569 A.2d 192, 194 (Me. 1990); *State v. Jordan,* 1997 ME 101, ¶ 8, 694 A.2d 929, 931.

[¶5] In cross-examining Dr. Roy, defense counsel asked if he was aware that another doctor's record indicated that plaintiff was "complaining of very minimal back pain." The doctor answered: "I didn't review the records." Plaintiff did not object at trial. Reviewing for obvious error, we find none. Although an objection to the form of the question might have been sustained, the question and answer caused no substantial prejudice.

 [¶6] Plaintiff next argues that the evidence of his annual salary of $50,000 was irrelevant and unduly prejudicial. The court acted within its discretion in admitting the evidence. *See State v. Hayes,* 675 A.2d 106, 109 (Me.1996).

[¶7] Finally, having stipulated to the admission of photographs of the Goodyear truck, plaintiff now argues on appeal that the photos should not have been admitted as they were not properly authenticated. Even if we were to accept this late challenge, it is completely without merit. A sufficient foundation for the photographs was laid in any event and the court acted within its discretion in admitting them in evidence. *See Hoitt v. Hall,* 661 A.2d 669, 674 (Me. 1995).

The entry is:

Judgment affirmed.

1. The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

    **(3) Then Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition such as intent, plan, motive, design, mental feeling, pain, and bodily health, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

M.R. Evid. 803(3).