**2003 ME 39**

**STATE of Maine**

v.

**Tamika KNOX.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 26, 2003.

Decided: March 24, 2003.

---

with "the other person." *See* P.L.2001, ch. 383, § 26.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

David Paris, Bath, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Tamika Knox appeals from the conviction entered upon the jury's verdict in the Superior Court (Cumberland County, *Fritzsche, J.*) finding her guilty of aggravated assault, 17–A M.R.S.A. § 208(1)(B) (1983). She argues that the trial court deprived her of a fair trial through its use of an easel to outline elements of the crime during the jury instructions. We affirm the judgment.

## I.  BACKGROUND

[¶ 2] The underlying facts that support the conviction for aggravated assault are only marginally relevant to the existing inquiry. In sum, Knox loaned her car to a male friend. She came upon the car later

that night in the Old Port area of Portland, and found a woman Knox did not know in the driver's seat beside Knox's male friend. The State alleged that Knox attacked and beat that woman with a steering wheel lock. Knox was charged with assault, 17–A M.R.S.A. § 207(1) (1983), and aggravated assault, and at trial she alleged that she had acted in defense of herself or her property.

[¶ 3] In the jury instructions that followed the presentation of the evidence, the court instructed the jury on the elements of both charges and, after determining that the evidence had generated the defenses, instructed the jury on self defense, 17–A M.R.S.A. § 108 (1983 & Supp.2002), and defense of property, 17–A M.R.S.A. § 105 (1983).

[¶ 4] While giving the jury its instructions, the judge came off the bench and used an easel to assist in the explanation of the charges of assault and aggravated assault. Apparently, the judge wrote the basic elements of both crimes on the easel. The judge did not, however, write out the elements of either of the two defenses on the easel because, as he stated, "I can't really write it all down because it's fairly long, but I can read that for you." Although Knox's counsel later questioned the use of the easel during a sidebar conference, Knox did not ultimately object to the use of the easel nor did she bring her concerns regarding the disparate treatment of the charges and defenses to the court's attention. The jury returned a verdict finding Knox guilty of aggravated assault.

## II.  DISCUSSION

[¶ 5] Knox now argues that the court erred when it wrote the elements of the charged crimes on an easel, but did not do the same for the asserted defenses, because that approach emphasized the crimes over the defenses. If there is an error in the jury instructions to which no objection was made, even if that error affects a constitutional right, a reversal of the trial decision is warranted only if it was an "obvious error." M.R.Crim. P. 52(b); *State v. Michaud,* 513 A.2d 842, 847 (Me.1986). In order to find obvious error, we must find that the "error worked a substantial injustice or affected [Knox]'s substantial rights." *State v. Burdick,* 2001 ME 143, ¶ 14, 782 A.2d 319, 324.

[¶ 6] Jury instruction is a crucial part of a trial, requiring judicial efforts to assist jurors to obtain a clear and balanced understanding of the law. When it would be helpful to the jury, the oral presentation of jury instructions may be augmented by written instructions. M.R.Crim. P. 30(b). Before written instructions are provided to the jury, the parties should be given the opportunity to review the instructions, suggest alterations, object to the language of the instructions, and, if necessary, preserve those objections.

[¶ 7] Similarly, the use of outlines or other visual assistance with jury instructions may be appropriate and helpful to a jury's understanding of the law. Accordingly, there exists no general prohibition against the use of an easel or other visual aid during jury instructions when the visual aid is used for fairly and accurately explaining the law. *See State v. Corbin,* 2000 ME 167, ¶ 10, 759 A.2d 727, 730. When the court intends to make use of an easel or other implement, however, counsel should be consulted in advance of the instructions and the court should make the parties aware of the anticipated extent of the use. Because the defendant was not given that opportunity in this case, no objection or suggestion regarding the use of the easel could be presented to the court prior to its use before the jury. Had that occurred, the court, with input from counsel, might have determined an appro-

priate method for summarizing or outlining the defenses at issue, thus making a more balanced use of the easel.[1]

[¶ 8] The failure to do so was not, however, so prejudicial as to result in an injustice. In fact, counsel did not note or object to the imbalance at the time of the final sidebar conference, nor does the record of the judge's words as he instructed the jury, both with and without the easel, demonstrate error.

[¶ 9] Because we look at the charge *as a whole* in determining whether a particular instruction was "highly prejudicial error tending to produce manifest injustice," we conclude that the instructions overall were adequate to inform the jury of their roles and the governing law. *State v. Googins*, 640 A.2d 1060, 1062 (Me.1994) (quotation omitted). Specifically with regard to the court's review of the defenses, the judge's accurate reading of the defenses was sufficient to properly instruct the jury and did not result in an emphasis of the charges over the defenses.

[¶ 10] Finally, Knox does not challenge the words written by the court on the easel. If she did, our review of the use of the easel in this case would be limited because Knox did not object to the use of the easel and did not preserve the writings on the easel for appellate review.[2]

■ [¶ 11] In sum, we conclude that there is no obstacle to the use of outlines or other visual aids when a court informs the parties in advance that it intends to use an easel, or other aid, to assist in instructing the jury, allows the parties an opportunity to comment on, or object to, their use, and provides instructions that, as a whole, are sufficient to provide a fair trial for the defendant.[3] Here, although the process was less complete, the use of the easel did not so prejudice the defendant that she was unable to obtain a fair trial.

The entry is:

Judgment affirmed.

---

1. It is helpful to remind jurors not to single out any one instruction and to consider each instruction of equal importance. *See* DONALD G. ALEXANDER, MAINE JURY INSTRUCTION MANUAL § 6–2 (4th ed. 2001).

2. Preservation of those writings could have been accomplished by separately reading the easel's contents into the record after the jury left the courtroom, by taking a photograph of the easel, or by other appropriate method.

3. The defendant could have requested written instructions in order to assist the jury. *See* M.R.Crim. P. 30(b). Such a request, at the conclusion of the instructions, could have obviated or reduced concerns about a balanced presentation of the charges and the defenses.