2007 ME 4

**STATE of Maine**

v.

**Harland S. MASKER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 16, 2006.

Decided: Jan. 9, 2007.

Michael E. Povich, District Attorney, Mary N. Kellett, Asst. Dist. Atty., Ellsworth, for State.

Timothy P. Fadgen, Prescott Jamieson Nelson & Murphy, LLC, Saco, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] Harland S. Masker appeals from a conviction of assault (Class C), 17–A M.R.S. § 207(1) (2005), and terrorizing (Class C), 17–A M.R.S. §§ 210(1)(A), 1252(4–A) (2005), entered in the Superior Court (Hancock County, *Mead, J.*) following a jury trial.[1] Masker argues that the Superior Court erred by instructing the jury that it was "required" to return a guilty verdict if the State had proved all of the elements of the offense beyond a reasonable doubt. Masker also contends that the court erred by failing to remind the apparently deadlocked jury of the State's burden of proof in a supplemental instruction. We affirm the judgment.

I. DISCUSSION

[¶ 2] Masker was charged with two counts of assault stemming from an incident on February 21, 2005, involving his daughter and his ex-girlfriend. He was also charged with assaulting and terrorizing his ex-girlfriend on February 22. The four counts were tried together. The jury acquitted Masker of the February 21 as-

---

1. Although assault and terrorizing are usually Class D offenses, they were elevated to Class C offenses because Masker had been convicted of assault in 1997 and reckless conduct in 2000. *See* 17–A M.R.S. § 1252(4–A) (2005).

Title 17–A M.R.S. § 1252(4–A) has since been amended by P.L. 2005, ch. 447, § 1 (effective Sept. 17, 2005) (codified at 17–A M.R.S. § 1252(4–A) (2005)) and by P.L. 2005, ch. 527, § 18 (effective Aug. 23, 2006).

sault charges, but it found him guilty of the February 22 assault and terrorizing charges. The court sentenced Masker to four years imprisonment, suspending all but two years, and probation for two years, on each count, with the sentences to be served concurrently.

[¶ 3] Masker's only contentions on appeal concern the jury instructions. First, he claims that the court erred in telling the jury that it was required to return a guilty verdict if it was satisfied that the State had proved the elements of the offense beyond a reasonable doubt. Secondly, he argues that the court erred by failing to reinstruct the jury that the State's burden was proof beyond a reasonable doubt after the jury sent a note stating that the members could not all agree on one of the counts.

■ [¶ 4] Masker did not object to either the instructions as initially given or to the instruction given after the jury's note. The parties agree that the lack of an objection means that the standard of review is obvious error. *See State v. Knox*, 2003 ME 39, ¶ 5, 819 A.2d 1011, 1013; M.R.Crim. P. 52(b). We reverse an obvious error if it works a substantial injustice or affects the defendant's substantial rights. *Id.*

A. Use of the Word "Requires"

[¶ 5] The court's initial instruction to the jury included a statement about the application of the presumption of innocence to Masker:

> The presumption stays with him all through the trial, through the arguments, through your deliberations, up to the point, if you reach the point, where you're satisfied beyond a reasonable doubt that the State has proven the elements of the offense. If you reach that point, the presumption evaporates and *requires* you to return a verdict of

guilty. If you don't reach that point, if you're not satisfied beyond a reasonable doubt that the State has proven the elements of the offense, the presumption remains and requires you to return a verdict of not guilty.

(Emphasis added.)

■ [¶ 6] Masker contends that this instruction removed the jury's inherent discretion to nullify by telling the jury that it is required to convict if the State proves its case beyond a reasonable doubt. Jury nullification has been defined as "the undisputed power of the jury to acquit, even if its verdict is contrary to the law as given by the judge and contrary to the evidence." *State v. Sanchez*, 152 N.H. 625, 883 A.2d 292, 296 (2005).

■ [¶ 7] It may be a reality of life *that* jury nullification occurs in some cases, but we have never recognized jury nullification as a right of a defendant. We have long held that it is the function of the court to instruct jurors on the law, and it is the duty of the jurors to decide the facts and be governed by the law as it is stated by the court. *State v. Wright*, 53 Me. 328, 343 (1865). In the *Wright* case the question was "whether, in the trial of criminal cases, the jury may rightfully disregard the instructions of the Court, in matters of law, and, if they think the instructions wrong, convict or acquit contrary to such instructions." *Id.* at 329. We answered that question with a resounding "no." *Id.*

[¶ 8] The federal courts of appeals that have addressed the issue have held that criminal defendants are not entitled to an instruction on jury nullification. *United States v. Trujillo*, 714 F.2d 102, 105–06 (11th Cir.1983) (listing cases). The First Circuit Court of Appeals said that "neither the court nor counsel should encourage jurors to exercise this power [of nullification]." *United States v. Sepulveda*, 15

F.3d 1161, 1190 (1st Cir.1993). Our neighboring state of New Hampshire recently stated: "It is well established that jury nullification is neither a right of the defendant, nor a defense recognized by law." *Sanchez*, 883 A.2d at 296.

■ [¶ 9] Given our jurisprudence that a defendant does not have a right to jury nullification, we turn to whether there was obvious error in the use of the word "requires" in the instruction in this case. Masker has suggested that instead of using the words "requires" or "must," a court should instruct jurors that if the government has proved all of the elements of the offense, it "should" find the defendant guilty.[2] However, Masker has not cited any persuasive authority for his position. We cannot conclude that the use of the word "requires" is obvious error.

### B. Failure to Reinstruct on the Burden of Proof

■ [¶ 10] After deliberating for an hour and a half, the jury sent a note to the court stating that the members were unable to agree on one of the counts. The court called the jury members back into the courtroom and instructed them using the words of the A.B.A. STANDARDS FOR CRIMINAL JUSTICE § 15–4.4 (1980), as quoted in *State v. Weidul*, 628 A.2d 135, 136 (Me.1993).[3] In other words, the trial court did exactly what we have instructed courts to do when faced with an apparently deadlocked jury. *See Weidul*, 628 A.2d at 136; *see also* Alexander, *Maine Jury Instruction Manual* § 8–6 (4th ed. 2006). We

have not suggested that in addition to giving the instruction quoted in *Weidul*, the court must also renew its instruction on the burden of proof. The A.B.A. standard relied on in *Weidul* does not suggest that the burden of proof instruction is to be given again when the jury has indicated that it is deadlocked.

[¶ 11] Masker relies on a case from the Court of Appeals for the First Circuit for the proposition that the burden of proof instruction is required when the jury has indicated that it is deadlocked. In *United States v. Hernandez–Albino*, 177 F.3d 33, 38 (1st Cir.1999), the Court of Appeals stated three requirements for instructing a jury that has indicated it is at an impasse. The trial court must (1) tell those holding both the majority and the minority viewpoints to both reexamine their positions; (2) state that the members have a right to not agree; and (3) remind the jury that the government bears the burden of proof of guilt beyond a reasonable doubt.

[¶ 12] The A.B.A. STANDARD quoted in *Weidul* encompasses the first two instructions that are mandated by the First Circuit Court of Appeals. With regard to the third instruction, we do not conclude that a court's failure to reinstruct on the burden of proof constitutes error, let alone obvious error. Here, the jury had not requested further instructions on the burden of proof. The jury had been instructed on the burden of proof only two hours earlier. There was no suggestion that the jury

---

**2.** It is, of course, possible to instruct the jury without using "should," "must," or "require" by simply telling the jury that the defendant is presumed innocent and that it cannot convict the defendant of the offense unless it finds that the State has proved all elements of the offense beyond a reasonable doubt. *See* Alexander, *Maine Jury Instruction Manual* § 6–7 (4th ed. 2006).

**3.** In the most recent version of the A.B.A. STANDARDS FOR CRIMINAL JUSTICE, the standard for instructions to a deadlocked jury is in A.B.A. STANDARDS FOR CRIMINAL JUSTICE: DISCOVERY AND TRIAL BY JURY § 15–5.4 (3d ed. 1996).

members had forgotten the burden of proof. *See United States v. Angiulo,* 485 F.2d 37, 39 (1st Cir.1973).

[¶ 13] For the foregoing reasons, we do not find obvious error in the court's initial instructions to the jury or in the reinstruction.

The entry is:

Judgment affirmed.